[Civ. No. 17454.   Second Dist., Div. One.   July 12, 1950.]

EMILY SHELLER, Appellant, v. BLUE DIAMOND COR-
PORATION (a Corporation) et al., Respondents.

Landon Morris and McIver & Snow for Appellant.

Betts, Ely & Loomis and Forrest A. Betts for Respondents.

DORAN, J.—This is an appeal from the judgment; a jury found for the defendants.

It is contended on appeal that, "The evidence was insufficient to justify the jury's verdict in favor of defendants"; that "The trial court erred in the giving of certain instructions requested by defendants, and in modifying and refusing to give certain instructions requested by plaintiff."

As recited in appellant's brief, "The evidence, all of which was without conflict, showed that on March 5, 1947, the date of the accident, Donald Ferguson, plaintiff's son, was 18 years of age, and was employed at a 'drive in' restaurant located on the southeast corner of Olympic Boulevard and Soto Street, in the City of Los Angeles.

"On the date of the accident, plaintiff's son had been working at the restaurant. He left the restaurant sometime around 5 p. m., and, after a short conversation with a Los Angeles Transit Lines traffic man, about 25 feet south of the southeast corner of Olympic and Soto, walked to the southeast corner. While standing there, on the sidewalk, he bent his head to light a cigarette. At that moment, the defendant Turner Homer Tims was making a right turn with the truck and trailer off of Soto Street onto Olympic Boulevard (he having been proceeding north on Soto Street). Tims' truck and trailer was the type commonly used for delivery of sand and gravel. The overall length of truck and trailer (including connecting bar) was approximately forty-four feet. The trailer does not 'track' with the truck when making a turn. That is, the trailer 'cuts in' and does not follow in the path of the truck itself. If the truck and trailer is making a right hand turn, the trailer will 'cut in' more to the right than the truck itself. In order to prevent the trailer from striking the curb or going up over the sidewalk, while making a right hand turn, the driver must head the truck in a more or less straight course to the center line of the street he is going to turn into, and then turn the wheels to the right, thus making allowance for the 'cutting in' to the right (towards the sidewalk) of the trailer. At the time of the accident herein, the

defendant Turner Homer Tims was executing the right hand turn as above described. . . .

"When Donald Ferguson straightened up after lighting the cigarette, the front wheel (of the set on the rear axles of the trailer) were just a fraction to his left and brushing the curbing. He put out his hands in a pushing motion as though to fend off the wheel. As his hands touched the trailer wheel, it rolled him over the top of it and then threw him under it, carrying him out into the street. At the time he was struck he was standing with both feet on the sidewalk. He died in the street from the injuries thus received."

The body of the trailer did not extend beyond the wheels; the outside of the wheels was about 2 feet beyond the side of the body. The evidence shows that the outside wheel "brushed" the curb but did not go over the curb.

Obviously the question of negligence was for the jury to determine and a careful reading of the evidence reveals it to be sufficient to support the verdict. It could well be, in the light of the record, that the jury reached the conclusion as contended by respondent that, "the most that could be said for the defendants activities, in justice and charity to one who had passed on, would be to conclude that neither the defendants or plaintiff was negligent."

The court's failure to apply the doctrine of res ipsa loquitur in the circumstances and to instruct the jury accordingly, appears to be well supported by the authorities.

It is argued by appellant that, "The court erred in instructing the jury that the trucking equipment was entitled to use all the roadway up to and to the edge of the sidewalk, because it is negligence for the operator of a motor vehicle to drive so close to a sidewalk or safety zone as to strike a pedestrian standing there, and it was error for the court to refuse to give plaintiff's instruction embodying the correct rule."

It is also argued that the court erred by giving an instruction on the unavoidable accident rule. Other instructions given and refused are also claimed as error.

Without going into detail it is sufficient to note that the instructions sufficiently and fairly covered all of the valid controversial issues; there was no prejudicial error in the failure to give requested instructions nor does any error appear from an examination of the instructions given.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.